FILED

2010 OCT -1 AM 10: 53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA ANNA ZALEMBA,<br><br>                 Plaintiff,<br>vs.<br><br>HSBC BANK, USA, NATIONAL ASSOCIATION, as Trustee for MHL-200-1; et al.,<br><br>                 Defendant. | CASE NO. 10-cv-1646 BEN (BLM)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[Docket No. 5] |

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This action arises from the eviction of Plaintiff from residential property located at 7405 Charmant Drive, #2401, San Diego, California ("Property"). Plaintiff alleges she is a tenant of the former owner of the Property. (Compl., ¶¶ 2-4.) According to the Complaint, Defendant purchased the Property at a foreclosure sale and, thereafter, served Plaintiff with an unlawful 3-day notice to vacate. *Id.* at ¶¶ 4-5.

On August 6, 2010, Plaintiff initiated this action against Defendant based on an alleged violation of the Protecting Tenants at Foreclosure Act ("PTFA"). According to Plaintiff, the PTFA requires that Defendant serve a 90-day notice of termination, which Defendant failed to do. (Compl.,

¶¶ 4-5.) The Complaint seeks monetary damages and injunctive relief.

On August 31, 2010, Defendant filed the Motion currently before the Court. (Docket No. 5.) Plaintiff filed an opposition, and Defendant filed a reply. The Court finds the matter appropriate for determination on the papers without oral argument, pursuant to Local Civil Rule 7.1.d. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## DISCUSSION

The Motion seeks dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Under FRCP 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief or a cognizable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Defendant contends that PTFA does not provide a private right of action and, therefore, Plaintiff cannot state a claim for relief thereunder. The Court agrees.

PTFA is a relatively recent federal statute and provides certain protections to tenants who reside in foreclosed property, including, where applicable, the right to continue living in the premises for the duration of their lease and the right to a 90-day eviction notice. Specifically, PFTA provides, in relevant part,

> (a) IN GENERAL.– In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure–
>
> > (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>
> > (B) without a lease or with a lease terminable at will under state law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
> except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

123 Stat. 1632, 1660-61 (2009).

There are no published decisions that discuss whether PTFA creates a private right of action. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (internal citation omitted). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1230 (9th Cir. 2008).

## I.   SECTION 702 DOES NOT EXPLICITLY CREATE A PRIVATE RIGHT OF ACTION

A statute explicitly creates a private right of action when the statute contains language that defines a cause of action. *Id.* Such statutes identify the person(s) able to bring suit, those who are potentially liable, the forum for suit, and the potential remedy available. *Id.* PTFA does not possess these characteristics. Therefore, the Court finds PTFA does not explicitly create a private right of action. *See also Logan v. United States Bank Nat'l Assoc.*, Case No. 09-8950, 2010 WL 1444878 (C.D. Cal. April 12, 2010) (finding that PTFA does not explicitly create a private right of action).

## II.   SECTION 702 DOES NOT IMPLICITLY CREATE A PRIVATE RIGHT OF ACTION

Whether a statute contains an implied right of action is governed by *Cort v. Ash*, 422 U.S. 66, 78 (1975). Under *Cort*, four factors are relevant: (1) whether the plaintiff is a member of a class for whose benefit that statute was enacted; (2) whether there is an indication of Congress' intent to create or deny a private remedy; (3) whether a private remedy would be consistent with the statute's underlying purposes; and (4) whether the cause of action traditionally is relegated to state law. *Id.* at 78. The Supreme Court has subsequently made clear, however, that the second factor carries more weight than the others because "[t]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action." *Touche Ross,* 442 U.S. at 575; *see also Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (noting that, unless the statute in question evinces an intent to create a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute."). The Ninth Circuit has held, in fact, that courts need not evaluate the remaining *Cort* factors

if they conclude that Congress did not intend to create a private right of action. *See Diaz*, 549 F.3d at 1231; *see also Orkin v. Taylor*, 487 F.3d 734, 739 (9th Cir. 2007) ("Indeed, the three *Cort* questions that are not explicitly focused on legislative intent are actually indicia of legislative intent, such that the *Cort* test itself is focused entirely on intent."). Therefore, the Court focuses on the second element of intent here.

In analyzing intent, three sources are relevant: (1) "rights-creating" language in the statutory text; (2) the statutory structure within which the provision in question is embedded; and, only if the statutory text and structure yield no conclusive answer, (3) the legislative history. *See Diaz*, 549 F.3d at 1230-34.

"Rights-creating" language exists where the statute's language focuses on the individuals protected and provides a right and remedy for those individuals. *Id.* at 1232. Here, Section 702 does not focus on the individuals protected, rather it focuses on the parties regulated by the statute, *i.e.*, the "immediate successors in interest" of mortgage loans. For example, Section 702 regulates how much notice the successors in interest must give tenants and states that successors in interest acquire the property subject to the rights of tenants under an existing lease. Section 702 does not grant rights or remedies to tenants in the event these provisions are violated.

As to the statutory structure of Section 702, the Court notes that Section 702 is part of the Emergency Economic Stabilization Act ("ESSA") codified in 12 U.S.C. §§ 5201 et seq. Specifically, Section 702 is part of the Troubled Assets Relief Program ("TARP") that was enacted as a subchapter of ESSA. 12 U.S.C. §§ 5211-5241. ESSA has the general purpose of providing authority and facilities to enable the Secretary of Treasury to restore financial liquidity and stability to the United States, and ensuring that such authority and facilities are used for that purpose. 12 U.S.C. § 5201. TARP specifically authorizes the Department of Treasury to modify loans that they own or control. 12 U.S.C. §§ 5211-12, 5219-20. Section 702 itself does not include a specific stated purpose indicating it is designed to accomplish anything other than the general purposes of ESSA and TARP. However, the Court notes that, in creating TARP, Congress created a private right of action for those harmed by the Secretary's actions. 12 U.S.C. § 5229(a). This right, however, permits the filing of actions against the Secretary, not against private lenders or their successors-in-interest such as Defendant in this case. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D.

Cal. 2009). As Congress expressly provided for the enforcement of TARP, it is "highly improbable that 'Congress absent mindedly forgot to mention an intended private action'" for other sections of the statute. *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19-20 (1979) (noting also that "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."); *see also Touche Ross*, 442 U.S. at 572 (noting that where analogous provisions expressly provide for a private right of action, courts must infer that Congress did not intend to create other private rights of action because "when Congress wished to provide a private damages remedy, it knew how to do so and did so expressly.")

In light of the above, the Court finds that the statutory language and structure of Section 702 indicate that Congress did not intend to create a private right of action. The Court need not address the legislative history of Section 702 or the remaining *Cort* factors, as those issues are moot.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff lacks a private right of action to proceed on the claims in this case. Accordingly, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. This action is dismissed without prejudice.

**IT IS SO ORDERED**.

Date: 9/30/2010

Hon. Roger T. Benitez
United States District Court Judge